THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Stephen Schroeder S.<br><br>                Plaintiff,<br>v.<br><br>Martin J. O'Malley<br>Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-16 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Stephen S.[1] appeals the denial of his application for Disability Insurance Benefits and Supplemental Security Income.[2] Plaintiff alleges disability beginning in May 2020 due to coronary artery disease, heart failure with a reduced ejection fraction, ischemic cardiomyopathy, myopericarditis, high anxiety, stress, and a "broken back."[3] After careful review of the Administrative Record (AR),[4] the briefs submitted by the parties, and relevant case law, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and is free from legal error. The Commissioner's decision is therefore affirmed.[5]

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] ECF No. 10, Motion for Review of Social Security Agency Action.

[3] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit. ECF No. 5.

[4] ECF No. 12.

[5] Plaintiff's Motion for Review of Agency Action is thus denied. ECF No. 10.

## BACKGROUND

In September 2020, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning May 17, 2020. The application came before an Administrative Law Judge (ALJ), who after holding a hearing, concluded Plaintiff was not disabled. In rendering a decision the ALJ followed the required five-step sequential evaluation process for determining disability.[6] As relevant here, at step two of the evaluation process, the ALJ found Plaintiff has the severe impairments of coronary artery disease, non-ST elevated myocardial infarction with stent placement, cardiomyopathy, congestive heart failure, degenerative disc disease of the lumbar spine, lumbar radiculopathy, generalized anxiety disorder, depressive disorder, and alcohol use.[7] After reviewing the medical evidence, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a range of light work. Finally, after considering the medical record, Plaintiff's testimony, a statement from Plaintiff's mother, and the testimony of a vocational expert, the ALJ determined at step five that Plaintiff could perform other work such as mail clerk, package sorter, and routing clerk. Thus, Plaintiff was not disabled under the Social Security Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[8] This appeal followed.

---

[6] *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) ("The Social Security Administration has established a five-step process for consideration of disability claims"); 20 CFR 416.920(a).

[7] AR 48.

[8] *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[9] The term "substantial evidence" is a term of art and under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."[10] Further, "whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency [in reviewing Social Security decisions] is not high."[11] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[12]

As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'"[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14]

## DISCUSSION

On appeal, Plaintiff challenges the ALJ's consideration of the medical opinion of Ann Rogerson, FNP, who is Plaintiff's cardiology provider. In March 2021, NP Roberson opined marked limitations of physical activity. For example, these included: Plaintiff being capable of only low stress jobs; sitting comfortably for 30 minutes at time for less

---

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[10] *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[11] *Id.*

[12] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[13] *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

than two hours total; standing and walking for about four hours per day (twenty minutes at a time); that cardiac symptoms are worsened by stress; Plaintiff must elevate his legs twenty percent of the workday above his heart; he would also require four unscheduled breaks that would last ten minutes each time, and would miss more than four days per month due to his impairments.[15]

The ALJ found NP Rogerson's opinion only slightly persuasive noting the opinion was on a checklist-style form, and that the opinion was "somewhat unsupported" by NP Rogerson's own treatment notes and examination findings.[16] Plaintiff argues that if this opinion was properly considered, then the ALJ could not have found him capable of performing light work. Moreover, the vocational expert testified that all work would be precluded, if, as opined by NP Rogerson, Plaintiff had to elevate his extremities above his heart for twenty percent of the workday on a permanent basis. Such a "mischaracterization" in analyzing the persuasiveness of a medical opinion undermines the ALJ's analysis, rendering it unsupported by substantial evidence. The record does not support Plaintiff's position.

Because this application was filed after March 27, 2017, the ALJ is not required to defer or to give any specific weight to medical opinions or prior medical findings.[17] Instead, an ALJ considers supportability, consistency, the relationship with the claimant, specialization, and any other factors tending to support or contradict a medical opinion or prior medical finding.[18] The most important criteria are supportability and consistency

---

[15] AR 1542.

[16] AR 60.

[17] 20 C.F.R. § 404.1520c.

[18] *Id.* 404.1520c(c).

and an ALJ is to explain how the supportability and consistency factors were considered.[19] For supportability the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."[20] As to consistency, the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."[21]

The Commissioner argues the ALJ articulated two considerations as to supportability (1) that NP Rogerson's opinion was on a checklist-style form and (2) that it was "somewhat unsupported" by her own treatment notes and examination findings. The Commissioner also notes the ALJ discussed the same evidence that Plaintiff claims was mischaracterized or ignored. Moving to consistency, the Commissioner points to the ALJ's discussion of the medical records in the opinion, and the fact that they were inconsistent with NP Rogerson's opinion. To Plaintiff, these arguments are an attempt at post-hoc justification, and a "general summary of the overall evidence is insufficient without an explanation by the ALJ as to how the evidence" undermines NP Robertson's opinion.[22]

The Tenth Circuit has found that a "summary of the relevant objective medical evidence" may be considered when deciding whether an ALJ's analysis of a medical

---

[19] *Id.* 404.1520c(b).

[20] *Id.* 404.1520c(c)(1).

[21] *Id.* 404.1520c(b)(2).

[22] Reply brief p. 3, ECF No. 17.

opinion is "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"[23] This underlying principle is present here because the court can follow the reasoning of the ALJ in finding NP Robertson's opinion slightly persuasive. The discussion of the medical evidence does show Plaintiff has some difficulties. However, there are also many records, including those after Plaintiff's heart attack, indicating normal cardiovascular findings.[24] If the court can discern the path for the action taken, then it is to uphold a decision.[25] Contrary to Plaintiff's assertions, this is not a *post hoc* effort to salvage an ALJ's decision. Rather, it is clear from the decision that the ALJ considered a wide array of evidence in considering NP Robertson's March 2021 opinion including NP Robertson's own contradictory evaluations.

In addition, this court has already found it "was reasonable for the ALJ to consider [the examining physician's] use of a check-box form that did not contain much in the way of clinical findings or objective evidence to support its conclusions reflected on the supportability of the opinion."[26] The court finds no basis to depart from that reasoning. This case is not like that in *Michael H. v. Kijakazi*,[27] relied on by Plaintiff, where the ALJ erroneously analyzed the supportability factor by "not acknowledging the

---

[23] *Endriss v. Astrue*, 506 F. App'x 772, 777, 2012 WL 6685446, at *4 (10th Cir. 2012) (quoting *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)); *see also Webb v. Comm'r, Soc. Sec. Admin*., 750 F. App'x 718, 721 (10th Cir. 2018) ("An ALJ may discount a treating physician's opinion because it is inconsistent with the weight of the evidence or assesses new restrictions without explanation or support.").

[24] AR 648, 655, 634, 1621, 1679, 1648, 2464, 2267.

[25] *Davis v. Erdmann*, 607 F.2d 917, 919 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (internal citation omitted).

[26] *Julian M. v. Kijakazi*, No. 2:21-CV-00247-CMR, 2022 WL 4080732, at *4 (D. Utah Sept. 6, 2022).

[27] 2022 WL 4467450 (D. Utah Dec. 17, 2021).

existence of" certain medical records.[28] Nor does the ALJ decision here fail to accurately portray the totality of the evidence, considering it in piecemeal fashion.[29] Rather, the ALJ provides an extensive review of the large medical record, which relates to the consistency of NP Rogerson's opinion and the others in the record. Plaintiff argues this extensive review cannot be used to support the ALJ's decision, while also arguing the ALJ did not adequately consider enough of the evidence. Plaintiff's arguments are unpersuasive. The court finds the ALJ provided sufficient reasoning for finding NP Rogerson's opinion "slightly persuasive." Finally, the court notes that the ALJ performed a similar analysis of the state agency medical and psychological consultants, finding them less persuasive while attributing more weight to Plaintiff's reported limitations.[30] This is further evidence that the ALJ did not consider the record in piecemeal fashion "cherry picking" evidence that only undermined Plaintiff's claim of disability. Remand therefore is unnecessary.

ORDER

For the reasons discussed, the Commissioner's decision is AFFIRMED. It is supported by substantial evidence and free of legal error.

IT IS SO ORDERED.

DATED this 15 February 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[28] *Id.* at *4.

[29] *Angelica C. v. Kajikazi*, No. 1:20-CV-00171, 2021 WL 9059486, at *5 (D. Utah Dec. 17, 2021).

[30] AR 60, 61.